UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VAUGHN HOUSEPIAN,   Case No. 22-12878

    Plaintiff,   Honorable Sean F. Cox
United States District Court Judge

v.

BLUE CROSS BLUE SHIELD OF
MICHIGAN,

    Defendant.
_____/

**<u>OPINION AND ORDER DENYING
DEFENDANT'S MOTION TO COMPEL ARBITRATION</u>**

    This is a religious discrimination suit. Plaintiff, Vaughn Housepian ("Housepian"), was an employee for Defendant, Blue Cross Blue Shield of Michigan ("Blue Cross"). In 2021, Blue Cross announced a policy requiring all employees to get vaccinated for COVID-19. Housepian submitted a religious accommodation request to exempt himself from Blue Cross's vaccine mandate. Ultimately, Blue Cross denied Housepian's request and terminated him. Housepian now brings suit, claiming his termination constituted religious discrimination under Title VII of the Civil Rights Act and Michigan's Elliot-Larsen Civil Rights Act.

    Rather than address the merits of Housepian's claim, Blue Cross filed the instant "Motion to Compel Arbitration and to Dismiss Amended Complaint." Blue Cross claims that Housepian assented to an arbitration agreement when he applied to work at Blue Cross, and that this Court should compel him to arbitrate his Title VII claim.

    Pursuant to E.D. Mich. LR 7.1(f)(2), the Court finds this Motion has been adequately briefed and will rule without hearing. For the reasons set forth below, Blue Cross's Motion is

1

**DENIED**. A question of fact exists as to whether Housepian and Blue Cross formed a valid arbitration agreement.

## BACKGROUND

**A. Procedural Background**

On November 28, 2022, Housepian filed a complaint against Defendant, Blue Cross. (ECF No. 1).

On February 9, 2023, Blue Cross filed a "Motion to Compel Arbitration and to Dismiss Amended Complaint." (ECF No. 3). On the same day, Blue Cross also filed a "Notice of Motion to Consolidate Cases for Deciding Similar Motions." (ECF No. 5). The notice alerted the Court that Blue Cross sought to consolidate this case with 11 other cases, "for the limited purpose of deciding whether to compel arbitration." (ECF No. 5-1 at 2).

Blue Cross filed the motion to consolidate before Judge Murphy, in *Emerson v. Blue Cross Blue Shield of Michigan*, Docket No. 2:22-CV-12576 (E.D. Mich.). In it, Blue Cross argued all 12 cases should be consolidated because "[t]he factual allegations and legal claims in the Similar Actions [sic] mirror the [*Emerson* case] …." (ECF No. 5-1 at 3).

In *Emerson*, Judge Murphy denied Blue Cross's nearly identical motion to compel arbitration and dismiss the plaintiff's claim. *Emerson v. Blue Cross Blue Shield of Michigan*, No. 2:22-CV-12576, 2023 WL 2145485 (E.D. Mich. Feb. 21, 2023). Because Judge Murphy denied Blue Cross's motion to compel arbitration, he also denied Blue Cross's motion to consolidate as moot. (*Id*. at 6).

Since Judge Murphy denied Blue Cross's motion to consolidate, Housepian's case proceeds independently. On February 23, 2023, Housepian filed an Amended Complaint, which is the active complaint in this case. (ECF No. 11).

On March 8, 2023, Blue Cross renewed its Motion to Compel Arbitration and Dismiss Housepian's Complaint—the Motion currently before the Court. (ECF No. 13).

### B. Factual Background

Housepian worked for Blue Cross as a "BAS" Manager for eight years, starting in 2013. (ECF No. 11 ¶ 10-11). He claims he was excellent at his job. (*Id*. at ¶ 48).

On November 1, 2021, Blue Cross announced a mandatory COVID-19 vaccine policy. (ECF No. 11 ¶ 12). As part of the policy, Blue Cross required all employees and contractors to be vaccinated by December 8, 2021. (*Id*. at ¶ 13).

Housepian submitted a religious accommodation request for exemption from Blue Cross's COVID-19 vaccine mandate. (ECF No. 11 ¶ 1). Blue Cross interviewed Housepian, on an unspecified date, and ultimately denied Housepian's accommodation request. (*Id*. at ¶ 38).

On January 5, 2022, Blue Cross terminated Housepian for not having, "sincerely held religious beliefs." (ECF No. 11 ¶ 1).

Housepian now brings suit. He claims Blue Cross's vaccine accommodation process was "arbitrary and woefully inconsistent," and that his termination constituted religious discrimination in violation of Title VII, 42 U.S.C. § 2000 *et seq*. (*Id*. at ¶ 18, 57).

In response, Blue Cross filed the instant Motion. (ECF No. 13). Blue Cross claims that Housepian is bound, by his employment application, to submit his termination related claim to arbitration. *Id*.

### STANDARD OF DECISION

"The Federal Arbitration Act requires a federal court to compel arbitration when a party to an arbitration agreement fails or refuses to comply with the provisions of an enforceable arbitration agreement." *Multiband Corp. v. Block*, No. 11-15006, 2012 WL 1843261, at *5 (E.D.

3

Mich. May 21, 2012) (citing 9 U.S.C. § 4). The Court reviews an arbitration agreement's validity under the applicable state's laws of contract formation—in this case, Michigan. *Hergenreder v. Bickford Senior Living Grp., LLC*, 656 F.3d 411, 416 (6th Cir. 2011).

On a motion to compel arbitration, the required showing "mirrors that required to withstand summary judgment." *Id.* (citation omitted). That is, the party opposing arbitration "must show a genuine issue of material fact as to the validity of the agreement to arbitrate." *Great Earth Cos., Inc. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002) (citing *Dr.'s Assocs., Inc. v. Distajo*, 107 F.3d 126, 129–30 (2d Cir. 1997), *cert denied*, 522 U.S. 948 (1997)). Further, the Court must resolve "any ambiguities in the contract or doubts to the parties' intentions" in favor of arbitration. *Great Earth Cos., Inc. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002) (citation omitted).

## ANALYSIS

The Court denies Blue Cross's Motion to Compel Arbitration. A question of fact exists whether Housepian assented to the Arbitration Agreement because Blue Cross has produced no documentary evidence of a signed agreement or that Housepian had notice that his continued employment would constitute assent to arbitrate all disputes.

"To resolve a motion to compel arbitration, the Court must determine: (1) whether the parties agreed to arbitrate; (2) the scope of any agreement; (3) whether Congress intended any federal statutory claims asserted to be non-arbitrable; and (4) whether to stay the proceedings if some claims are not arbitrable." *ShaZor Logistics, LLC v. Amazon.com, LLC*, No. 2:22-CV-11458, 2022 WL 4277190, at *2 (E.D. Mich. Sept. 15, 2022) (citing *Glazer v. Lehman Bros.*, 394 F.3d 444, 451 (6th Cir. 2005) (internal citation omitted)).

4

Here, Housepian focuses his argument on element one—he claims he did not agree to arbitration. (*See* ECF No. 16 at 13-20). Therefore, the Court's only inquiry is whether, under Michigan contract law, Housepian has produced sufficient evidence to create a genuine dispute of fact whether the parties formed a valid agreement to arbitrate. *Hergenreder*, 656 F.3d at 416; *Great Earth Cos*, 288 F.3d 889.

In Michigan, the elements of a valid contract are: "(1) parties competent to contract, (2) a proper subject matter, (3) a legal consideration, (4) mutuality of agreement, and (5) mutuality of obligation." *Hess v Cannon Twp.*, 265 Mich. App. 582, 592 (2005) (quotation omitted). Whether the parties have mutually agreed to be bound "is judged by an objective standard, looking to the express words of the parties and their visible acts, not their subjective states of mind." *Kloian v. Domino's Pizza, L.L.C.*, 273 Mich. App. 449, 454 (2006) (quotation omitted).

Housepian claims no valid arbitration agreement exists because there was no mutuality of agreement. (ECF No. 16 at 13).

To establish mutuality of agreement, a plaintiff must demonstrate a "meeting of the minds" on all essential contract terms. *Gason v. Dow Corning Corp.*, 170 F. Supp. 3d 989, 998 (E.D. Mich. 2016), *aff'd,* 674 F. App'x 551 (6th Cir. 2017) (citing *Kamalnath v. Mercy Mem'l Hosp. Corp.*, 194 Mich.App. 543, 487 N.W.2d 499, 503 (1992)). "A meeting of the minds is judged by an objective standard, looking to the express words of the parties and their visible acts, not their subjective states of mind." *Id*.

Blue Cross argues there was mutuality of agreement for two reasons. First, it claims Housepian "necessarily signed the Arbitration Agreement" because he must have done so to work for Blue Cross. (ECF No. 13 at 7). Second, it claims Housepian's continued employment

5

satisfies the mutuality of agreement element. (ECF No. 13 at 8). The Court will address each argument in turn.

First, rather than produce a copy of a signed arbitration agreement, Blue Cross asks the Court to infer that Housepian signed an arbitration agreement based on a blank copy of its online job application (ECF No. 13-2 at PageID 185, 88) and a declaration from a "Talent Acquisition Director." The declaration states it is impossible for a Blue Cross employee to be hired or paid without signing an "Applicant Statement" that includes an agreement to arbitrate. (ECF No. 13-2 ¶ 6-13). In sum, Blue Cross argues that Housepian must have signed an arbitration agreement because he submitted a job application, which contains an arbitration agreement, but it does not have a copy of Housepian's signed application. (ECF No. 13 at 1-3).

Blue Cross raised the same argument against a different plaintiff in, *Emerson*, 2023 WL 2145485, at *1. In fact, the argument section in the instant case is a near line-by-line replica of Blue Cross's brief in *Emerson*. (*Compare* ECF No. 13 at 6-12); (*with* E.D. Mich. Docket No. 22-12576, ECF No. 10 at 6-12).

Judge Murphy's analysis of Blue Cross's argument, in *Emerson*, is correct:

> Although "arbitration agreements ... need ... not necessarily [be] signed," *Seawright*, 507 F.3d at 978 (emphasis omitted), [d]efendant failed to offer *any* evidence of [p]laintiff's online job application, including evidence of the alleged arbitration agreement. Further, [p]laintiff claimed in a sworn declaration that she did not see or sign the agreement. And "in the absence of indisputable evidence to the contrary, an employee's sworn declaration that she did not consent to an arbitration agreement creates a genuine dispute of fact." *Shye*, 2022 WL 721525, at *7; *see also Staten v. Home Care Servs., Inc.*, No. 21-cv-11323, 2021 WL 5989043, at *1 (E.D. Mich. Dec. 16, 2021) (an affidavit was "sufficient to create a material factual dispute as to whether [the plaintiff] entered into an agreement to arbitrate"). It follows, then, that Defendant's failure to provide evidence of the signed arbitration agreement, combined with Plaintiff's sworn declaration that she did not see or sign the agreement, creates a genuine

dispute of fact here that precludes a motion to compel arbitration. *See Boykin*, 3 F.4th at 841.

*Emerson*, 2023 WL 2145485, at *2 (cleaned up).

*Emerson* is equally applicable in this case. Blue Cross produced no evidence of Housepian's signed online job application, which included the alleged arbitration agreement (ECF No. 13 at 9 n.1), and Housepian produced a sworn declaration stating he did not see or sign an arbitration agreement. (ECF No. 16-2 at ¶ 11). Like in *Emerson*, Housepian's declaration is sufficient to create a genuine dispute of fact.

*Emerson*'s analysis of Blue Cross's second argument—that Housepian manifested his assent to the arbitration agreement by continuing to work—is also on point.

> Second, [d]efendant's argument that [p]laintiff manifested her assent to the arbitration agreement by continuing to work for [d]efendant falls short. To be sure, continued employment can demonstrate assent to an arbitration agreement. *See Tillman v. Macy's, Inc.*, 735 F.3d 453, 460 (6th Cir. 2013); *Dawson v. Rent-A-Ctr., Inc.*, 490 F. App'x 727, 730 (6th Cir. 2012); *Mannor v. Amerilodge Grp., LLC*, No. 2:21-CV-11378, 2022 WL 2867182, at *5 (E.D. Mich. July 20, 2022) (Murphy, J.). Courts have also held that continued employment can convey assent if the employee knows that continued employment conveys assent. *See Seawright*, 507 F.3d at 970; *Williams v. FCA US LLC*, No. 17-10097, 2018 WL 2364068, at *5 (E.D. Mich. May 24, 2018). But knowledge does not automatically convey assent. *See Williams*, 2018 WL 2364068, at *5 (noting that knowledge "*can* manifest assent" and that "the governing case law does *not* suggest that continued employment, by itself, is *always* sufficient to manifest assent to an arbitration policy") (emphasis added). Thus, whether Plaintiff knew that continued employment conveyed assent to the arbitration agreement is not necessarily determinative.
>
> In any case, [p]laintiff argued that she knew nothing about the arbitration agreement's existence, much less that continued employment would signify assent to it. And [d]efendant offered no evidence that it had ever informed [p]laintiff of that fact. *See Hergenreder v. Bickford Senior Living Grp., LLC*, 656 F.3d 411, 418–19 (6th Cir. 2011) (no valid arbitration agreement because the employer had not made the agreement "available

> to" the employee). The image of [d]efendant's generic online application portal attached to the declaration of the Talent Acquisition Director, without more, does not establish that [d]efendant made [p]laintiff aware of either the arbitration agreement's existence or that continued employment could create and inference of assent to it. On balance, [p]laintiff's continued employment with [d]efendant does not establish that she assented to the arbitration agreement.

*Emerson*, 2023 WL 2145485, at *2-3 (cleaned up).

Again, *Emerson* applies here. Like in *Emerson*, Blue Cross's only evidence that it made Housepian aware of its arbitration agreement is a declaration from a Talent Acquisition Director and a copy of a generic online job application. (*See* ECF No. 13-2).

To combat Blue Cross's evidence, Housepian submitted a declaration claiming he was unaware of Blue Cross's arbitration agreement, that Blue Cross did not make the agreement available for review prior to employment, and that he was not aware that he was giving up his right to trial by working at Blue Cross. (ECF No. 16-2 ¶ 11, 14, 35). As in *Emerson*, Blue Cross's evidence, on balance, does not establish Housepian assented to the arbitration agreement.

Lastly, the Court will address two issues Blue Cross identified in its Reply Brief. First, Blue Cross claims the instant case is distinct from *Emerson* because in *Emerson*, the plaintiff's original job application was rejected, so her job application was void. (ECF No. 18 at 3). Blue Cross claims that Housepian's situation is different because he did not argue that his initial job application was voided. *Id*.

Blue Cross's argument is meritless. True, the *Emerson* plaintiff was not hired for the initial job she applied for. However, her experience during her second application with Blue Cross was the same as Housepian's: (1) both Housepian and the *Emerson* plaintiff were terminated by Blue Cross after submitting religious exemption accommodation request; (2) in both cases, without documentary evidence, Blue Cross claimed the parties must have assented to

8

its arbitration agreement because they submitted job applications; (3) both claim, by sworn declaration, they did not assent to an arbitration agreement. (*See* ECF No. 13); (*See also*, ECF No. 16-2); *Emerson*, 2023 WL 2145485, at *1-2. *Emerson* is not distinct in any material way.

Second, Blue Cross argues Housepian's position—that he did not sign an arbitration agreement—should be rejected because it contradicts "the record as a whole." (ECF No. 13 at 7). Blue Cross claims that, *Anderson v. Crothall Healthcare Inc.*, No. 2:21-CV-10535, 2022 WL 3719834, (E.D. Mich. Aug. 29, 2022), a case Housepian did not address, is dispositive.

In *Anderson*, the Court held an employee's assertion that she was "certain" she did not sign an arbitration agreement with her employer was insufficient to create a dispute of fact because it conflicted with "the record as a whole." *Id*. at *4.

*Anderson* does not apply because the record in this case contains far less evidence of an agreement to arbitrate. Chiefly, in *Anderson*, the employer produced a copy of an arbitration agreement signed and dated by the plaintiff. *Id*. Blue Cross, as it admits, cannot produce any documentary proof of a signed arbitration agreement. (ECF No. 13 at 9 n.1). In the instant case, Housepian's declaration does not conflict with "the record as a whole," and is sufficient to create a dispute of fact whether the parties ever agreed to arbitrate.

Blue Cross also cites to an out-of-circuit case, *Henricks v. Flywheel Sports, Inc.*, No. 19 CIV. 895 (PGG), 2020 WL 1285453 (S.D.N.Y. Mar. 18, 2020), for the same proposition. Even if *Henricks* were binding on this Court, it would not change the result. Like *Anderson*, the party moving to compel arbitration in *Henricks* produced *documentary* evidence to support its declaration that the party attempting to evade arbitration clicked "I agree" on a terms and conditions page which conspicuously hyperlinked all terms and conditions, including an arbitration agreement. *Id*. at *1-2. *Henricks* also raises questions about actual versus inquiry

9

notice of agreement terms that the Court need not address. *Id*. Housepian's declaration does not conflict with "the record as a whole."

## CONCLUSION

For the reasons stated above, **IT IS SO ORDERED** that Blue Cross's Motion is **DENIED**. Blue Cross has produced no documentary evidence that Housepian agreed to arbitrate his claims. Blue Cross further produced insufficient evidence to show Housepian was aware that his continued employment would constitute assent to arbitrate his claims. Therefore, the Court will not compel Housepian to arbitrate his claims.

**IT IS SO ORDERED**.

                                                s/Sean F. Cox
                                                Sean F. Cox
                                                United States District Judge

Dated: May 1, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 1, 2023, by electronic and/or ordinary mail.

                                                s/Jennifer McCoy
                                                Case Manager