UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VAUGHN HOUSEPIAN,

    Plaintiff,

v.                                              Case No. 22-12878

BLUE CROSS BLUE SHIELD OF MICHIGAN,             Sean F. Cox
                                                United States District Court Judge
    Defendant.
_____/

**ORDER FURTHER ADDRESSING
DEFENDANT'S MOTION TO COMPEL ARBITRATION**

    This case is one of a number of individual cases filed against Defendant Blue Cross Blue Shield of Michigan ("BCBS") wherein the plaintiff is a former employee who alleges that he or she was fired, in violation of state and federal law, for refusing to get vaccinated against COVID-19. These cases have all been randomly assigned to the judges in this district and the same law firms and attorneys are representing the parties in these cases.

    In this case, BCBS filed a Motion to Compel Arbitration. After full briefing by the parties, this Court issued an Opinion and Order wherein this Court denied the motion after concluding there is an issue of fact as to whether there is an agreement to arbitrate. (ECF No. 22).

    This Court issued its own Scheduling Order on July 21, 2023, with discovery deadline of May 31, 2024 and a dispositive motion deadline of July 1, 2024. But then a July 28, 2023 Stipulation and Order consolidated this case with the Honorable Stephen Murphy's *Emerson v. BCBS* case (Case No. 22-12576) for purposes of discovery. (ECF No. 26). It vacated all discovery deadlines currently scheduled in this case, but left the dispositive motion deadline. It

provides dates for discovery, that is to be completed by January 31, 2024.

The parties in this case have not raised (either before or after this Court's Opinion and Order denying BCBS's Motion to Compel) when the issue of whether an arbitration agreement exists is to be resolved. Nevertheless, Sixth Circuit case law leads this Court to conclude that it erred in denying the Motion to Compel Arbitration and that a threshold trial on that issue should be the next step in this particular case.

Given this Court's ruling that an issue of fact exists as to whether there is an agreement to arbitrate, this Court should not proceed under the current scheduling/discovery orders that exist in this case. That is because "[i]f a genuine issue of material fact arises as to whether such an agreement exists, the court 'shall *proceed summarily to the trial* thereof.' 9 U.S.C. § 4; *Boykin*, 3 F.4th at 837." *Bazemore v. Papa John's U.S.A.*, 74 F.4th 795 (6th Cir. July 20, 2023) (emphasis added). "Here, [the plaintiff] opposed [the defendant's] arbitration motion on the ground that there is no valid and enforceable arbitration agreement between the parties. Under these circumstances, the district court [is] required to 'proceed summarily' to a trial regarding the making of the arbitration agreement." *Southard v. Newcomb Oil Co., LLC*, 2019 WL 8111958 at *4 (6th Cir. 2019) (quoting 9 U.S.C. § 4 and citing *Tassy v. Lindsay Entm't Enters.*," 2018 WL 1582226, at *1 (6th Cir. 2018))*; see also Tassy v. Lindsay Entm't Enters.*, 2018 WL 1582226 at *1 (6th Cir. Feb. 22, 2018) ("When 'the making of [an] arbitration agreement' is 'in issue,' the Federal Arbitration Act requires district courts to 'proceed summarily to [a] trial" to decide the matter" and the "district court's failure to 'summarily' determine whether the parties formed an agreement to arbitrate was error" and explaining that "When arbitration is in dispute, the Federal Arbitration Act requires that 'courts process the venue question quickly so the parties can get on with the merits of their dispute in the right forum.'")

This Court should not have denied BCBS's Motion to Compel Arbitration in this case. Again, when a district court concludes that a fact dispute exists as to whether an agreement to arbitrate exists, the district court is required to "proceed summarily to the trial" of the disputed fact questions. *Boykin v. Family Dollar Stores of Michigan, LLC*, 3 F.4th 832, 844 (6th Cir. 2021). That means that the parties in such a case "may not address other issues, including merits issues, before the court resolves these formation questions" and the pending motion to compel. *Id*. The Sixth Circuit has directed that "[i]n the meantime, the *court should hold its motion in abeyance*." *Id*. (citing *Jin v. Parsons Corp.*, 966 F.3d 821, 827-28 (D.C. Cir. 2020)) (emphasis added).

Accordingly, the Court **ORDERS** that its May 1, 2023 Opinion and Order is hereby **AMENDED** to reflect that BCBS's Motion to Compel (ECF No. 13) is **HELD IN ABEYANCE** pending a threshold trial on the issue of whether an agreement to arbitrate exists and the docket should reflect that this motion is still pending.

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  September 12, 2023